Becker, J.,
concurring in part and dissenting in part:
I concur that our holding in Sharma v. State[1] represented a clarification of our existing cases regarding aiding and abetting liability and it should therefore be applied retroactively. I also concur that given the State’s acknowledgement during Mitchell’s direct appeal that Mitchell did not intend to aid and abet in a murder or attempted murder his conviction for attempted murder must be vacated.[2] However, I dissent from the language in the *1279 opinion that suggests one must have the specific intent to kill, rather than the Sharma language that one must have the specific intent to aid and abet in the charged crime for which principal liability is being applied. I also dissent from the commentary in footnote 25 with respect to the Teague/ Colwell framework. I believe that the court is misapplying and misinterpreting the limited retroactivity rules set forth in Colwell v. State[3] and Schriro v. Summerlin,[4]1 conclude that, if the holding in Sharma was a new rule, it was not substantive and did not meet the exceptions to non-retroactivity for a procedural rule.

 118 Nev. 648, 56 P.3d 868 (2002).

 Absent this concession, I submit that there was sufficient circumstantial evidence to support a finding that he intended to aid and abet in attempted murder after he continued to participate in the armed robbery after Smith started shooting.

 118 Nev. 807, 59 P.3d 463 (2002).

 542 U.S. 348 (2004).